# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| ARCHIE RONDELL KENERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-4013 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

This matter is now before the Court on Petitioner, Archie Rondell Kenerson's ("Kenerson"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Kenerson's § 2255 Motion [#1] is DENIED.

## BACKGROUND

On January 15, 2008, Kenerson was a passenger in a vehicle traveling in Rock Island, Illinois. He was stopped, seized and detained during a traffic stop by a Rock Island police officer. The officer ordered Kenerson out of the vehicle, patted-down and searched him, and seized what appeared to be crack cocaine from Kenerson's pants pocket.

 On February 26, 2008, an indictment was returned against Kenerson, charging him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On April 16, 2008, Kenerson filed a Motion to Suppress Evidence, seeking to suppress evidence obtained from the traffic stop and search that occurred on January 15, 2008.

On May 15, 2008, the Court held an evidentiary hearing and denied the motion. The Court found the testimony of the officers credible and the traffic stop appropriate. The Court

further determined that a reasonable and articulable suspicion existed that a crime was being committed or had been committed. Based on the totality of the circumstances, the Court established that the pat-down of Kenerson was justified.

On September 15, 2008, the government filed a Notice of Intent to Rely upon Prior Felony Drug Convictions for Sentencing Enhancement. According to the Notice, because of Kenerson's prior felony drug convictions, his conviction in this case would have resulted in a mandatory minimum sentence of ten years of imprisonment under 21 U.S.C. § 841(b)(1)(B).

One day later, on September 16, 2008, the Court held a change of plea hearing. Kenerson pleaded guilty to Possession With Intent to Distribute Cocaine. Kenerson and the government entered into a written Reservation of Issues for Appeal, where pursuant to Rule 11(a)(2), Kenerson reserved his right to appeal the Court's Order denying his motion to suppress evidence. The Court further conducted a plea colloquy and established that Kenerson was competent, understood the charges and penalties, his plea was free and voluntary, and there was a factual basis for the plea.

On January 23, 2009, the Court held a sentencing hearing. The Court found Kenerson's offense level at 21 and his Criminal History Category at V. Kenerson was sentenced to the mandatory minimum sentence of ten years of imprisonment, eight years of supervised release and a $100.00 special assessment. The Court filed a written Judgment on January 26, 2009.

That same day, on January 26, 2009, Kenerson filed a Notice of Appeal. He challenged the circumstances of the traffic stop, the subsequent *Terry* search, and the police officer's resulting visual identification of crack cocaine in his back jean pocket. *United States v. Kenerson*, 585 F.3d 389, 390 (7th Cir. 2009). The Seventh Circuit affirmed this Court's denial of

Kenerson's motion to suppress evidence. *Id.* at 394. On March 8, 2010, the Supreme Court denied Kenerson's Writ of Certiorari. *Kenerson v. United States*, 130 S.Ct. 1749 (2010).

On February 25, 2011, Kenerson sought collateral relief by filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Kenerson asked the Court that "his conviction and sentence be vacated and that the court's ruling in the suppression hearing be overturned and that he be sentenced in accordance with the Fair Sentencing Act of 2010's 18:1 ratio." Kenerson asserted five grounds on which he was being held in violation of the United States Constitution:

(1) Kenerson received ineffective assistance of counsel because his counsel proceeded under the false belief that Kenerson entered into a conditional plea with limited appellate rights when he actually entered into a blind plea with full appellate rights.

(2) Kenerson received ineffective assistance of counsel at the suppression hearing because his counsel failed to call as witnesses the alleged tipster, the officer who allegedly received the tip, and the sergeant who allegedly informed the arresting officers of the tip.

(3) Kenerson received ineffective assistance of counsel at the suppression hearing because his counsel failed to have Kenerson wear the same t-shirt he wore at the time of the search during the courtroom demonstration.

(4) Kenerson received ineffective assistance of counsel at sentencing for failing to challenge the unfair disparity that existed in the 100:1 crack to powder cocaine ratio within the statutory minimum sentencing scheme and failed to seek abeyance of the proceedings pending imminent legislative action.

(5) Kenerson received ineffective assistance of counsel at the suppression hearing because his counsel failed to call Kenerson and the driver of the vehicle, Anita Byrd, to testify.

## KENERSON'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A. Legal Standard

The Sixth Amendment recognizes that in all criminal proceedings, the accused has a right to the assistance of counsel. U.S. CONST. amend. VI. This right to counsel has long been accepted as the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A two-pronged test exists in determining whether a counsel's assistance is "so defective as to require reversal of a conviction." *Strickland*, 466 U.S. at 687. A defendant must satisfy both prongs of the *Strickland* test to succeed on a § 2255 motion. *See id.*

First, under the performance prong, a defendant must establish that counsel's performance was deficient by demonstrating that that the representation fell "below an objective standard of reasonableness." *Id.* at 687, 688. Courts have conferred a high level of deference to a counsel's performance. *Id.* at 689. Every effort should be made to "eliminate the distorting effects of hindsight." *Id.* Courts confer a "strong presumption" that counsel's conduct falls within the "wide range of reasonable professional assistance." *Id.* Courts also give deference to the "sound trial strategy" of counsel. *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Second, under the prejudice prong, a defendant must show that the "deficient performance prejudiced the defense" by demonstrating that the "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. A defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. In considering prejudice, courts presume that judges act according to law. *Id.* "Self-serving testimony" is not enough to demonstrate prejudice. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996). When challenging guilty pleas under a § 2255 motion, a defendant must show that counsel's ineffective performance "affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

**B. Analysis**

Kenerson asserted five claims in his § 2255 motion for ineffective assistance of counsel. These claims can be consolidated into four main claims: (1) mistaken belief of plea; (2) failure to call witnesses; (3) failure to accurately reenact the search; and (4) failure to request abeyance of sentence.

1. Mistaken Belief of Plea

Kenerson alleges that his counsel proceeded with the mistaken belief that he had entered into a conditional plea with limited appellate rights. Kenerson asserts that he entered into a blind plea with full appellate rights. He maintains that his counsel should have advised him that he was entering a conditional plea agreement. Additionally, Kenerson argues that his counsel should have attempted to negotiate a lower sentence enhancement. Kenerson claims these circumstances amount to ineffective assistance of counsel.

In the context of a plea agreement, several criteria constitute objectively reasonable representation. *Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007). A "reasonably competent attorney" will make an effort to learn the facts of the case, estimate a likely sentence, and communicate this analysis to his client before allowing him to plead guilty. *Id.* Here, Kenerson's answers in the plea colloquy indicate his counsel made an effort to learn all the facts of the case, estimated a likely sentence, and communicated with Kenerson regarding these issues. The record

does not show that counsel was unreasonable in his representation during the plea agreement proceedings.

The Seventh Circuit recently denied a finding of ineffective assistance of counsel in *Wyatt v. United States*, a factually similar case to the present case. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). In *Wyatt*, the petitioner filed a motion to suppress evidence seized during a traffic stop. *Id.* at 457. He entered a conditional plea of guilty, reserving his right to appeal denial of the suppression motion. *Id.* He filed a § 2255 motion, alleging among other things, that his counsel did not inform him of the consequences of entering a conditional plea and maintained that he would not have pleaded guilty if his counsel did not assure him that he could be subjected to a higher sentence than what he had anticipated. *Id.* at 457-58. The Seventh Circuit concluded that the petitioner's allegations, if true, may suggest that his counsel was objectively unreasonable. *Id.* at 458. However, the court determined that the petitioner failed to demonstrate prejudice because he did not show that his counsel's advice was the decisive factor in his decision to enter a conditional plea instead of entering an unconditional plea or going to trial. *Id.*

Kenerson's ineffective assistance claim is insufficient under the *Wyatt* standard. First, Kenerson's counsel was not mistaken about the kind of plea entered. Kenerson signed and entered a written Reservation of Issues for Appeal, where in pleading guilty, Kenerson "specifically reserve[d] his right to appeal the District Court's Order on May 15, 2008, denying the defendant's motion to suppress evidence." During the change of plea hearing, the Court asked Kenerson if he understood his right to file a notice of appeal and challenge the denial of the motion to suppress evidence. Kenerson answered affirmatively that he was reserving the right to challenge the Court's ruling on the motion to suppress evidence. His assertion that his counsel

falsely believed he made a conditional guilty plea is without basis. The record also indicates that Kenerson was aware of the consequences of his guilty plea and his counsel informed him of those consequences. During the change of plea hearing, Kenerson expressed satisfaction with his counsel's performance and verified his understanding of the nature and consequences of his plea agreement. Therefore, Kenerson's counsel was not deficient in his performance.

Additionally, no prejudice resulted from the conditional plea entered by Kenerson. In *Wyatt*, the Seventh Circuit held that the petitioner failed to demonstrate prejudice because he did not show that his counsel's advice was the decisive factor in his decision to enter a conditional plea instead of entering an unconditional plea or going to trial. *Id.* Here, Kenerson attempts to distinguish between a conditional and blind plea. Considering the mandatory minimum ten-year sentence required in this case, Kenerson would have received the same ten-year sentence regardless of whether he made a conditional guilty plea or a blind plea. In *United States v. Woods*, a case that Kenerson cites in his reply to the government's response to his § 2255 motion, the Seventh Circuit held that the petitioner could have not established prejudice because "no matter how well counsel performed there was no lesser sentence available to [the defendant] under the mandatory sentence provisions." *United States v. Woods*, 233 F.3d 482, 486 (7th Cir. 2000). Similarly, Kenerson faced a mandatory minimum sentence of ten-years imprisonment. In the plea colloquy, Kenerson acknowledged his understanding that the Court was bound to impose at least the mandatory minimum sentence, regardless of the guidelines for sentencing. Therefore, Kenerson fails to establish prejudice and his claim is without merit.

2.  Failure to Call Witnesses

Kenerson maintains that his counsel's failure at the suppression hearing to call as witnesses the alleged tipster, the officer who relayed the tip, the sergeant who informed the

arresting officers of the tip, the driver Anita Byrd, and Kenerson himself, amounted to ineffective assistance of counsel. Counsel has "wide latitude" in "making tactical decisions." *Strickland*, 466 U.S. at 689. It is "reasonable professional judgment" and considered "sound trial strategy" to not "present each and every witness that is suggested to him." *Id.*; *United States v. Balazano*, 916 F.2d 1273, 1294 (7th Cir. 1990).

Counsel's decision not to call Kenerson, Anita Byrd, the alleged tipster, or the police officers as witnesses during the suppression hearing does not amount to ineffective assistance of counsel. Choices regarding who to call to testify are all "clearly a matter of trial strategy." *Menzer v. United States*, 200 F.3d 1000, 1004 (7th Cir. 2000). Once counsel "conducts a reasonable investigation into all lines of possible defenses," his decision to "pursue one line to the exclusion of others is rarely second-guessed." *United States v. Adamo*, 882 F.2d 1218, 1227 (7th Cir. 1989). In *Adamo*, the petitioner argued his counsel's incompetency by referring to his counsel's failure to call a co-conspirator as a witness. *Id.* at 1226. The Seventh Circuit, referring to the "strong presumption that counsel's decision not to present [the co-conspirator's] testimony was a proper exercise of trial strategy," reasoned that "in all likelihood," counsel conducted a pretrial investigation that amounted to adequate assistance. *Id.* at 1228.

Here, "in all likelihood," defense counsel conducted a pretrial investigation concerning which witnesses to present at the suppression hearing. Kenerson asserted that he denied previously knowing Anita Byrd, the driver of the vehicle. However, the police officers' testimonies contradict this statement. Considering the credibility issues concerning Kenerson, his counsel's decision not to put Kenerson or any of the other witnesses on the stand is the "kind of strategic choice, made by a competent, experienced and well-trained lawyer that a court should not second-guess." *United States v. Olson*, 846 F.2d 1103, 1109 (7th Cir. 1990). Therefore the

Court cannot conclude that Kenerson's counsel's decision not to call the witnesses to the stand fell below the objective standard of reasonableness.

Additionally, failure to call the witnesses did not prejudice Kenerson. In *Sanders v. United States*, the defendant, like Kenerson, asserted that failure to call a witness to the stand amounted to ineffective assistance of counsel. *Sanders v. United States*, 288 Fed. Appx. 283, 287 (7th Cir. 2008). In affirming the denial of the § 2255 motion, the Seventh Circuit held that a "sanguine declaration" that a witness's testimony would have changed the outcome of a trial is "not enough to demonstrate that the failure to call [the witness] prejudiced his defense." The defendant did not provide an affidavit from the witness and failed to explain why the witness's testimony would have trumped the other evidence of his guilt. *Id.* at 288. Similarly here, Kenerson did not attach any sworn affidavits from Anita Byrd, the police officers, or the alleged tipster. He also failed to show how their testimonies would have overcome the evidence of guilt presented by the government. Merely stating that the testimonies would have changed the outcome of the suppression hearing does not make it true. Therefore, Kenerson did not demonstrate with any evidence that counsel's failure to call the witnesses caused prejudice.

  3. <u>Failure to Accurately Reenact the Search</u>

Kenerson asserts he received ineffective assistance of counsel at the suppression hearing because his attorney failed to have him wear the same t-shirt he was wearing at the time of the traffic stop and frisk. Kenerson maintains that the shirt he wore during the reenactment failed to accurately portray the circumstances surrounding his frisk. He alleges that had he worn the same t-shirt, the Court would have ruled differently on his motion to suppress evidence.

Kenerson bears a high burden in demonstrating his counsel's ineffectiveness during the in-court reenactment of the pat-down. The Seventh Circuit is "reluctant to upset" a court's

determinations based in part on courtroom demonstrations. *Bauer v. Yetter Mfg. Co.*, 315 F.2d 377, 377 (7th Cir. 1963). In considering the courtroom demonstration, the Court should defer to the testimony of the police officers. The Seventh Circuit has presumed the validity of a trial court's assessment concerning the credibility of the testimony of police officers. *Bynum v. Lemmon*, 560 F.3d 678, 686 (7th Cir. 2009). While Kenerson asserted that his long t-shirt prevented the officers from seeing into his pocket, the police officers provided contrary testimony. After the in-court reenactment, the Court found the officer's testimony concerning the traffic stop credible. Because the record supports a finding of credibility concerning the testimony of the officer, the Court should defer to this finding. Kenerson failed to "demonstrate a reasonable probability that he would have prevailed at the suppression hearing" had he worn a different t-shirt. *Pole v. Randolph*, 570 F.3d 922, 943 (7th Cir. 2009).

The Court should also defer to the Seventh Circuit's decision regarding Kenerson's motion to suppress evidence on appeal. *United States v. Kenerson*, 585 F.3d 389 (7th Cir. 2009). The court held that the district court correctly determined that the police officer validly carried out a *Terry* frisk because "reasonable suspicions" existed that Kenerson was armed. *Id.* at 392. The Seventh Circuit's affirmation of the district court's denial of Kenerson's motion to suppress evidence further demonstrates that Kenerson was not prejudiced by his counsel's performance at the suppression hearing.

### 4. Failure to Request Abeyance of Sentence

Kenerson argues his counsel provided ineffective assistance for failing to challenge the unfair disparity that existed in the 100:1 crack to powder cocaine ratio. Kenerson asserts that his counsel should have sought abeyance of the proceedings because of "imminent legislative action." Kenerson maintains that had his counsel sought abeyance, the Fair Sentencing Act

("FSA"), enacted in August of 2010, would have retroactively applied to his case and resulted in a reduced sentence from the mandatory ten years of imprisonment.

The Seventh Circuit has consistently refused to retroactively apply the FSA to sentences. *See United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011); *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010). In *United States v. Bell*, the Seventh Circuit held that the federal savings statute, 1 U.S.C. § 109, "operates to bar the retroactive application of the FSA." *Bell*, 624 F.3d at 814. The FSA also does not contain any indication that Congress intended retroactive application. *Id.* at 815. In upholding the *Bell* decision and denying retroactive application of the FSA, the Seventh Circuit further held in *United States v. Fisher* that the "relevant date for a determination of retroactivity" is the "date of the underlying criminal conduct, not the date of sentencing." *Fisher*, 635 F.3d at 340. This Court also applied *Bell*'s holding in denying a retroactive application of the FSA in *Hamilton v. United States*. No. 10-cv-4028, 2010 WL 512893, at *1 (C.D. Ill. 2010).

Given the existing Seventh Circuit precedent, Kenerson's claim of ineffective assistance based on the FSA fails. Because the FSA is not applied retroactively, requesting abeyance of sentencing would not have altered the outcome of Kenerson's sentence. Even if Kenerson's counsel sought abeyance given the "pending imminent legislative action," Kenerson would not have been sentenced under the FSA guidelines. Kenerson committed his offense on January 15, 2008, well over two years before the FSA was enacted in August of 2010. The date of Kenderson's underlying criminal conduct occurred before the enactment of the FSA. Therefore, there is no probability that the "result of the [sentencing] proceeding would have been different" had Kenerson's counsel acted to seek abeyance and argue for a lower sentencing. *Strickland*, 466 U.S. at 694. Kenerson cannot establish prejudice concerning this claim.

Kenerson failed to demonstrate ineffective assistance of counsel in each of his claims. Therefore, his § 2255 motion to vacate, set aside, or correct his sentence should be dismissed.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, no reasonable jurist could conclude that Kenerson's claims were not either devoid of factual support or flatly contradicted by the well-established law of this Circuit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, Kenerson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED. This matter is now terminated.

ENTERED this 20th day of June, 2011.


s/ James E. Shadid
James E. Shadid
United States District Judge